Robert Henry TAYLOR, Movant,

v.

STATE of Missouri, Respondent.

No. 36845.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 8, 1976.

Motion for Rehearing or Transfer
Denied July 9, 1976.

Application to Transfer Denied
Sept. 13, 1976.

Robert C. Babione, Public Defender, James C. Jones, Christelle Adelman-Adler, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, St. Louis, for respondent.

RENDLEN, Judge.

Appeal from denial of Rule 27.26, V.A.M.R. motion seeking to vacate a murder second degree conviction and fifteen year sentence entered on a plea of guilty. The contentions of error concern the trial court's failure to hold an evidentiary hearing.

At the outset we note that except for the most liberal construction the trial court could not have found the allegations in appellant's motion sufficient to state a claim for relief under Rule 27.26. It has been held that "[a] 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show

that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State,* 513 S.W.2d 407, 411[1] (Mo.Banc 1974) cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). Adopting the trial court's liberal construction as to the sufficiency of the pleadings, we turn to the merits.

Mindful that movant was entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," Rule 27.26[e], V.A.M.R., we nonetheless approve the trial court's finding that no hearing was required since the allegations, if true, were insufficient to warrant the relief sought.

The 27.26 motion alleged that the guilty plea was involuntary in that: (1) movant was threatened with the death penalty if he went to trial; (2) he was told that a confession obtained from him by force would be used by the prosecutor if he went to trial; and (3) blacks suffer the death penalty more frequently than whites, "and thus, the death penalty that was going to be used against movant was discriminatory and coerced movant into pleading guilty."

■ Examining the allegations in the order presented, movant's first contention, that his plea was the result of fear of the death penalty which according to him was threatened by both his attorney and the prosecutor if he went to trial, does not state a ground for relief. It is settled that a plea of guilty entered to avoid the possibility of the death penalty is not thereby rendered involuntary. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Clay,* 520 S.W.2d 172, 176[3] (Mo.App.1975); *Beeman v. State,* 502 S.W.2d 254, 255[2] (Mo.1973); *Skaggs v. State,* 476 S.W.2d 524, 528[6] (Mo.1972).

■ The motion alleges that movant's attorney Dewitt Lawson "will testify that he did explain to movant about the death penalty." Movant was charged with murder first degree and the death penalty was then within the range of punishment for that offense. It was his attorney's duty to advise movant of the possible consequences of taking the case to trial so that he could intelligently decide whether to plead guilty. The motion further alleges that the assistant circuit attorney "will testify that he told movant about the death penalty at the arraignment and . . . that he would have asked for the death penalty if movant would have went to trial." This statement by the assistant circuit attorney was a disclosure of intent which if a "threat" does not constitute duress sufficient to render the plea involuntary. Movant cannot by characterizing these statements as threatening, without more, state a ground for relief. See *Smith v. State, supra* at 411[3].

■ Movant next alleges his guilty plea was coerced by threats that a confession obtained from him by force and terror (thus legally inadmissible) would in fact be used against him at the trial. It has consistently been held that even if this were true it would not be grounds to vacate a guilty plea, voluntarily entered. "The fact that there was an allegedly inadmissible confession in existence which might have been used in evidence against appellant is no sufficient reason to vacate the judgment and sentence entered pursuant to a plea of guilty, where the plea was otherwise voluntarily and understandably made." *Maxwell v. State,* 459 S.W.2d 388, 392[2] (Mo.1970); *Kunkel v. State,* 501 S.W.2d 52, 54[2] (Mo. 1973); *Jackson v. State,* 512 S.W.2d 249, 252[4] (Mo.App.1974); and the rule is the same in Federal Courts, see *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus."

The trial court properly found movant's third allegation set out above is a mere conclusion not stating a proper ground for relief.

■ As none of the allegations raised by movant would, without more, have entitled him to relief under Rule 27.26, we examine the record to determine whether the plea was otherwise voluntarily and understandably made.

At the plea hearing the trial court took care to establish an unhurried atmosphere. Movant was encouraged to ask questions freely. Discovering movant had a speech defect which made it difficult for him to express himself, the trial court reviewed a psychiatric report which noted the speech defect but stated that movant was otherwise competent and again urged movant to take as much time as necessary when responding to the questions of the court. The court enumerated each of the rights movant would waive if a plea were entered. The substance of the crime was read aloud and movant affirmed he had committed the acts charged. The court determined that movant had discussed fully with counsel the range of punishment for first and second degree murder and agreed to plead guilty to the lesser offense. Movant was informed that the court was not bound to impose the recommended sentence but was assured that if the court could not accept the State's recommendation he would be allowed to withdraw the plea. The prosecutor having elected to proceed on the charge, murder second degree, movant entered his plea of guilty thereto. After accepting the plea and sentencing movant to the recommended term, the court assured itself that the length of the sentence had been discussed with movant. Movant's only question during the proceedings was a request that he be sent to a hospital instead of the penitentiary. The court explained that place of confinement was solely within the hands of the Department of Corrections and inquired whether movant still desired to plead guilty. This careful questioning of the defendant in an unhurried atmosphere guaranteed the defendant the full measure of his rights when entering his plea and provided a clear and complete record for this court. The trial judge's careful and just handling of that proceeding is to be commended. It is clear that movant entered his plea with full knowledge of his rights and the consequences of his act. The judgment is affirmed.

WEIER, P. J. and McMILLIAN, J., concur.