**Lavaughn FARMER, Jr., Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54095.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Beverly A. Beimdiek, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his 27.26 motion without an evidentiary hearing. We affirm.

Movant entered Alford pleas to three counts of manslaughter, one count of second degree assault, and two counts of endangering the welfare of a child. He was sentenced to seven years on each count with the terms to run concurrently.

The charges arose out of an automobile accident that occurred on May 5, 1986, in the City of St. Louis. The State had evidence to show movant was racing his vehicle in the city when he collided with another automobile, causing the injuries and endangerment for which he was charged. There was also evidence that movant had a blood alcohol content of .261 at the time of the accident.

In his amended 27.26 motion movant alleged his counsel "was ineffective in that she failed to file a motion to suppress evidence." It was movant's contention that "[h]ad a motion to suppress evidence been filed and heard, the reasonable probability exists that it would have been sustained[.]" The motion court found movant's claims failed to warrant an evidentiary hearing because they were refuted by the record. The court further noted that a motion to suppress evidence had been filed by movant's counsel prior to movant entering the Alford pleas.

On appeal movant claims his counsel was ineffective for failing to pursue the motion to suppress the evidence of his blood alcohol content because it was seized as a result of an illegal search and seizure.

In order to be entitled to an evidentiary hearing, movant must plead facts not refuted by the record which, if true, warrant relief, and which resulted in prejudice to the movant. *Smith v. State*, 714 S.W.2d 834, 835 [1] (Mo.App.1986). Movant has failed to meet that burden in this case.

Even if we assume movant is correct in his assertion that the motion to suppress the evidence would have been sustained, he has failed to prove his counsel's failure to pursue the motion rendered his guilty plea involuntary. The fact that there was allegedly inadmissible evidence in existence against a movant is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *See Taylor v. State*, 539 S.W.2d 589, 590 (Mo.App.1976).

An examination of the plea transcript shows movant entered the Alford pleas pursuant to a plea agreement. Movant acknowledged that the evidence against him was overwhelming, and that was the reason he entered the Alford pleas. Aside from the evidence of movant's blood alcohol content, the State had evidence that movant, after being advised of his constitutional rights, admitted to the investigating officer that he was racing his vehicle when he collided with the other automobile. Under these facts, we find the pleas were entered voluntarily and with understanding.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.