**STATE of Missouri, Plaintiff–Respondent,**

v.

**Larry HALE, Defendant–Appellant.**

**No. 19084.**

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 1994.

James M. McClellan, Dempster, Barkett, McClellan & Edwards, Sikeston, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Chief Judge.

Larry Hale (defendant) was convicted following a jury trial of assault in the first degree. § 565.050.[1] He was sentenced to imprisonment for a term of ten years. This court affirms.

Defendant was charged by a grand jury indictment with having "knowingly caused serious physical injury to Kenneth Hale by hitting him and throwing him, and in the course thereof inflicted serious physical injury on Kenneth Hale." The indictment identified the charge as a class B felony. Section 565.050 provides:

> 1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.
>
> 2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

A pretrial conference was held the morning of trial. The prosecuting attorney, defendant's attorney and defendant were present. The prosecuting attorney announced that the indictment erroneously stated that the offense charged was a class B felony although it was a class A felony. The trial judge advised the attorneys and defendant, "I will allow an information to be filed or the indictment corrected to a Class A felony, if that's legally possible. Everybody knows what the charges are. I will rearraign your man at this time." The trial judge then explained to defendant that defendant had been "charged by the grand jurors of Mississippi County, Missouri"; that the prosecuting attorney might "shift over to the information," but if so, "the charge [would] be exactly the same."

The trial judge told defendant that the indictment stated "the wrong class on the charge." The trial judge again stated to defendant the factual allegation stated in the indictment; that "between July 1991 and January 1992 in the County of Mississippi, State of Missouri, you knowingly caused serious physical injury to Kenneth Hale by hitting him and throwing him, and in the course thereof inflicted serious physical injury on Kenny Hale." The trial judge inquired about the correct range of punishment. The prosecuting attorney answered, "It should be ten to thirty or life." Defendant thereafter maintained the not guilty plea he had previously entered.

The case proceeded to trial. The verdict-directing instruction, patterned according to MAI–CR 3d 319.02, included a definition of "serious physical injury" and stated the range of punishment as:

> 1. Life imprisonment.
>
> 2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

■ Defendant's first point on appeal asserts the trial court erred "when it allowed the state to verbally amend its indictment from a class B felony to a class A felony." Defendant argues that the procedure followed violated § 545.300 and Rule 23.08.

---

1. References to statutes are to RSMo 1986.

Rule 23.08 and § 545.300 provide that an information may be amended or substituted for an indictment as long as no additional or different offense is charged and as long as a defendant's rights are not prejudiced. The state could have substituted an information for the indictment "at any time before verdict." It did not.[2]

∎ A criminal charge may be brought by indictment or information. Mo. Const. art. I, § 17. As explained in *Wilkinson v. State,* 461 S.W.2d 283 (Mo.1970), with respect to a criminal case brought by information:

> One object of the information is to give the court jurisdiction, *Montgomery v. State* (Mo.Sup.), 454 S.W.2d 571 [Mo.1970], and to inform the defendant of the nature of the charge, *State v. Vonderau,* [438 S.W.2d 271 (Mo.banc 1969)].

*Id.* at 284. A grand jury indictment serves the same purpose. It gives the trial court jurisdiction. It informs the defendant of the nature of the offense charged.

The grand jury indictment about which defendant complains gave the trial court jurisdiction and alleged facts that, if proven, would establish the offense of assault in the first degree as described by § 565.050, including the element of knowingly causing serious physical injury to the victim.

By charging conduct that included knowingly causing physical injury, the range of punishment for the offense charged is that prescribed for a class A felony offense, life imprisonment or imprisonment for not less than ten or more than thirty years. *See* §§ 565.050.2 and 558.011.1(1). The fact that the indictment erroneously identified the offense charged as a class B felony did not detract from its factual allegations.

∎ The defendant was aware that he was accused of conduct punishable as a class A felony. As in *Wilkinson v. State, supra,* at 284–85, this is "a common sense matter." As a common sense matter, under the circumstances in this case it would be excessively technical to reverse and remand defendant's conviction because the written characteriza-

tion of the offense in the indictment stated it was a class B felony when the facts alleged a class A felony and defendant had been so apprised. Mischaracterization of the classification of an offense does not detract from the factual statements of the charge. *See State v. Pippenger,* 708 S.W.2d 256, 270 (Mo.App. 1986). The trial court's explanation of the mischaracterization of the classification of the offense was not a "verbal amendment" of the indictment. Point I is denied.

∎ Defendant's Point II asserts the trial court erred when, at the close of the state's case, it denied his motion for judgment of acquittal for failure to prove the offense charged. After the court denied the motion, defendant presented evidence in his own behalf. As stated in the state's brief, "Presentation of evidence waives a claim that the trial court erred in denying a motion for acquittal at the close of state's evidence. *State v. Stolzman,* 799 S.W.2d 927, 931 (Mo. App.S.D.1991); *State v. Ousso* [*Dusso* ], 760 [S].W.2d 546, 547 (Mo.App., W.D.1988)." Point II is denied.

The judgment of conviction and sentence are affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

**2.** An information entitled "Information to A [sic] Amended Felony" was filed July 6, 1993, six days after the trial and verdict. It made the same factual allegation as the indictment. The information designated the offense as a class A felony. It is of no significance in this appeal.