**Martin Leon GILLILAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19329.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 23, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Pursuant to a plea agreement, Martin Leon Gilliland ("Movant") pled guilty to two counts of murder in the first degree, § 565.-020, RSMo Cum.Supp.1992, and was sentenced to two concurrent terms of imprisonment for life without eligibility for probation or parole.

Thereafter, he filed a timely motion per Rule 24.035, Missouri Rules of Criminal Procedure (1993), to vacate the judgment and sentences. The motion court denied relief without an evidentiary hearing.

Movant appeals. The first of his two points relied on asserts the motion court erred in failing to hold an evidentiary hearing in that Movant alleged facts which, if true, would warrant relief and which are not refuted by the record. Specifically, says Movant, he alleged his defense counsel rendered ineffective assistance when counsel "failed to file a motion to suppress [Movant's] statements."

Movant's second point maintains the motion court erred "in failing to enter sufficient findings of fact and conclusions of law," thereby depriving him of the opportunity for meaningful appellate review.

We address the points in the order presented.

We begin our consideration of Movant's first point by noting he was represented by a lawyer in the motion court. The lawyer ("motion counsel") filed an "Affidavit of Counsel and Notice of Waiver of Amended Motion." It provided:

"... [motion counsel], after being afforded an opportunity to review the Court's and trial defender's files in the underlying criminal cases [sic], including the transcript of the plea and sentencing hearing therein, and this postconviction file, and after having inquired of movant regarding any additional claims and facts known to him, does hereby advise the Court that she is not aware of any additional meritorious or colorable claims or facts which may be added in an amended motion on movant's behalf in this matter, and that movant's *pro se* motion includes all claims known to movant or counsel at this time. Movant prays the Court to take judicial notice of the files in this matter and rule movant's motion."

The motion court obviously concluded from the above affidavit that Movant was waiving an evidentiary hearing. The motion court's findings of fact, conclusions of law, and judgment state, in pertinent part:

"Now on this 14th day of December, 1993, *a hearing having been waived,* and the case submitted to the Court on the pleadings, the same is taken up.

... In the last line of [motion counsel's affidavit], counsel prayed the Court to take judicial notice of the files in this matter and rule on Movant's Motion.

The Court takes judicial notice of the transcript of the plea and all pleadings in the case.

...." (Emphasis added.)

According to the motion court's docket sheet, a copy of the findings of fact, conclusions of law, and judgment was sent to mo-

tion counsel December 15, 1993. Nothing in the record indicates motion counsel thereafter complained in the motion court about the lack of an evidentiary hearing.

The next activity in the motion court occurred January 18, 1994, when motion counsel filed a request that Movant be allowed to appeal as a poor person.

From the facts set forth above, one could reasonably conclude that if, arguendo, the motion court erred in adjudicating Movant's motion without an evidentiary hearing, the error was invited by motion counsel.

■ Generally, a party is not permitted to take advantage of an error of his own making. *State v. Nenninger,* 354 Mo. 53, 188 S.W.2d 56, 58[5] (1945). *See: State v. King,* 748 S.W.2d 47, 50–51[6] (Mo.App.E.D.1988), defendant who objected when trial court expressed intention to remove juror cannot complain on appeal that trial court erred in failing to remove juror; *State v. Chunn,* 701 S.W.2d 578, 588[10, 11] (Mo.App.S.D.1985), defendant who suggested that jurors examine exhibits during recess and who made no objection when trial court instructed bailiff to take jurors and exhibits to jury room for such purpose cannot complain on appeal about unsupervised examination of exhibits by jury.

■ However, even if motion counsel's affidavit is not read as an invitation for the motion court to dispense with an evidentiary hearing, we hold the lack of one was not reversible error.

In addition to the two counts of murder in the first degree, Movant was charged with the felonies of armed criminal action, burglary in the first degree, and stealing. Pursuant to the plea agreement, the prosecutor entered a *nolle prosequi* as to the latter three charges and waived the death penalty on the murder charges. At the outset of the guilty plea proceeding, Movant acknowledged to the plea court that he was there "[t]o take a plea bargain."

Questioned under oath, Movant stated he believed there was nothing else he needed defense counsel to do, that he had examined the evidence against him, that defense coun-

sel "did a good job," and that defense counsel had done everything Movant "told her to do and asked her."

■ To obtain an evidentiary hearing, a prisoner seeking post-conviction relief must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the prisoner. *State v. Starks,* 856 S.W.2d 334, 336[2] (Mo. banc 1993).

■ Where a prisoner, after pleading guilty, seeks postconviction relief on the ground that his plea resulted from ineffective assistance of counsel, the prisoner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Engelmann v. State,* 864 S.W.2d 445, 446[5] (Mo.App.W.D.1993); *Edwards v. State,* 794 S.W.2d 249, 250–51[3] (Mo.App. W.D.1990).

We have carefully studied Movant's motion for postconviction relief. In it, we find allegations that (a) Movant, during custodial interrogation, made inculpatory statements, and (b) those statements were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, we find no averment that Movant would have spurned the plea agreement and insisted on going to trial if defense counsel had successfully moved to suppress the statements.[1] Therefore, Movant's allegations regarding the statements are insufficient to warrant an evidentiary hearing.

Furthermore, nothing in the record demonstrates the State's case against Movant would have collapsed had the statements been ruled inadmissible. As noted earlier, during the guilty plea proceeding Movant acknowledged he was aware of the evidence against him. His comments in the plea court show he was content to accept the plea agreement, and his remarks refute any contention that he felt compelled to plead guilty because defense counsel failed to seek suppression of the statements.

The plea court, based upon Movant's responses to extensive questioning, found the guilty pleas were entered freely and voluntarily.

■ After a guilty plea, counsel's effectiveness is relevant in a motion for postconviction relief only to the extent it affects the voluntariness of the plea. *Wilkins v. State,* 802 S.W.2d 491, 497[2] (Mo. banc 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). The existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Farmer v. State,* 758 S.W.2d 156, 157[3] (Mo. App.E.D.1988); *Taylor v. State,* 539 S.W.2d 589, 590 (Mo.App.1976). In *Maxwell v. State,* 459 S.W.2d 388, 392[2] (Mo.1970), the court held:

"The fact that there was an allegedly inadmissible . confession in existence which might have been used in evidence against [the accused] is no sufficient reason to vacate the judgment and sentence entered pursuant to a plea of guilty, where the plea was otherwise voluntarily and understandably made."

Movant's sworn testimony during the guilty plea proceeding included this:

"Q ... you were able to read and go over the statement that the police allege that you gave after the offense?

A Yes."

Movant said nothing indicating the statement was involuntary, that any grounds existed for suppressing it, or that he was pleading guilty because its admissibility had not been challenged by a motion to suppress.

We hold the record (a) demonstrates Movant pled guilty because of the plea agreement, and (b) refutes any notion that he pled guilty because defense counsel failed to file a motion to suppress. Consequently, the motion court did not err in denying relief without an evidentiary hearing. Movant's first point is denied.

1. The statements are not set forth or summarized in either party's brief and are omitted from the record on appeal, hence we do not know how extensive or inculpatory the statements were.

■ Movant's second point maintains the motion court's findings of fact and conclusions of law were insufficient in that the motion court failed to make "specific findings of fact as to each allegation" in Movant's motion for postconviction relief. According to Movant, we should reverse the motion court's judgment and remand the cause for specific findings of fact and conclusions of law as to each of his allegations.

Movant's motion is a collage of conclusional allegations, citations of cases and rules, and denunciations of counsel.

As we understand the motion court's findings of fact and conclusions of law, the motion court deduced the gist of Movant's motion was that his guilty pleas were involuntary because defense counsel rendered ineffective assistance in failing to move to suppress Movant's inculpatory statements. In rejecting Movant's first point, we held the motion court did not err in denying relief without hearing evidence regarding that ground.

In his brief, Movant does not identify any other specific ground for relief allegedly raised by his motion.

■ There is no precise formula for findings and conclusions of a motion court in a postconviction proceeding; they are sufficient if they permit review of the judgment. *Robertson v. State*, 851 S.W.2d 74, 76[1] (Mo. App.S.D.1993); *State v. Hamilton*, 817 S.W.2d 8, 11[12] (Mo.App.W.D.1991). Where, as here, the correctness of the motion court's action is clear from the record, there is no need to remand for additional findings and conclusions. *State v. Brewster*, 836 S.W.2d 9, 14[5] (Mo.App.E.D.1992); *Barton v. State*, 802 S.W.2d 561, 565[6] (Mo.App.S.D. 1991).

Movant's second point is denied, and the judgment of the motion court is affirmed.

GARRISON, P.J., and PREWITT, J., concur.