Dennis L. HATCHETT, Appellant,

v.

STATE of Missouri, Respondent.

No. 20129.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant pled guilty to robbery (Count I), kidnapping (Count II), and rape (Count III). The plea court sentenced Appellant to life imprisonment on Count I, fifteen years' imprisonment on Count II, and fifteen years' imprisonment on Count III, the sentence on Count II to run concurrently with the sentence on Count I, but the sentence on Count III to run consecutively to the sentences on Counts I and II.

Appellant filed a timely pro se motion per Rule 24.035[1] to vacate the judgment and sentences. Appellant thereafter filed an amended pro se motion to vacate. Counsel appointed to represent Appellant filed no amended motion.

The motion court ultimately entered judgment denying relief without an evidentiary hearing. Appellant brings this appeal from that judgment.

Appellant's motions to vacate endeavored to plead sundry grounds for relief; however, only two are in issue in this appeal. The first is an allegation that the lawyer who represented Appellant when he pled guilty ("plea counsel") rendered ineffective assistance in that he "failed to inquire into the tainted police line up upon which the alleged victim was being led by suggestion of the officer conducting the line up." We preface our discussion of that issue with a synopsis of the facts recited by the prosecutor at the time Appellant pled guilty.

On December 2, 1993, a female clerk at a convenience store in Scott County was confronted by a man who held "what felt to be a gun to her side." The culprit commanded the clerk to open the cash register; the culprit took some $300. The culprit then forced the clerk outside and into a truck, stating he was going to shoot her. The culprit drove to another site where he ordered the clerk to undress. She complied, and the culprit then had sexual intercourse with her.

Upon viewing a videotape of the confrontation in the store, investigating officers believed the culprit was Appellant. After being arrested, Appellant told the sheriff he had committed the acts described above.

Following the prosecutor's narrative, the plea court addressed Appellant:

"Q. Mr. Hatchett, you heard the facts and circumstances of the crime that the State believes the evidence would show. Is what she stated true?

A. Yes, sir."

The motion court's findings of fact and conclusions of law include this:

"Movant ... states that his counsel failed to inquire into the tainted police line up upon which the alleged victim was being led by suggestion of the officer conducting the line up.... Movant proposes a conclusion unsupported by facts which, if true, would entitle Movant to relief. Movant is denied relief on this issue."

The sole point relied on in Appellant's brief avers the motion court erred in denying relief without an evidentiary hearing in that Appellant pled facts which, if true, would warrant relief and which are unrefuted by the record. Those facts, according to Appellant, are that plea counsel rendered ineffective assistance in failing "to investigate the tainted police lineup in which Appellant was identified by the victim." Appellant insists that plea counsel's dereliction rendered Appellant's guilty pleas involuntary because he was forced to plead guilty rather than proceed to trial with an unprepared lawyer.

1. Rule references are to Missouri Rules of Criminal Procedure (1994).

■ Our review of the motion court's findings and conclusions is limited to a determination of whether they are clearly erroneous. Rule 24.035(j); *Wilson v. State,* 813 S.W.2d 833, 835[5] (Mo. banc 1991). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

■ A prisoner seeking postconviction relief is entitled to an evidentiary hearing only if: (1) he pleads facts, not conclusions, which, if true, would entitle him to relief, (2) the factual allegations are not refuted by the record, and (3) the matters complained of were prejudicial to him. *State v. Blankenship,* 830 S.W.2d 1, 16[27] (Mo. banc 1992).

■ Appellant's motion to vacate made only conclusional allegations that the lineup was "tainted" and the victim was "led" by "suggestion" of the officer conducting it. The motion pled no *facts* which, if true, would have demonstrated that the lineup was tainted, and the motion likewise pled no *facts* which, if true, would have shown how the officer led the victim by suggestion.

■ As the State's brief reminds us, reliability rather than suggestiveness is the linchpin in determining admissibility of identification testimony. *State v. Hornbuckle,* 769 S.W.2d 89, 93[4] (Mo. banc 1989), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). The test for admissibility of identification testimony is two-pronged: (1) was the pretrial identification procedure impermissibly suggestive, and (2) if so, what impact did the suggestive procedure have upon the reliability of the identification made by the witness. *Id.* at 93[6].

Because Appellant's motion pled no facts which would have established that the lineup was impermissibly suggestive and no facts which would have demonstrated the impact, if any, that the allegedly suggestive procedure had upon the reliability of the victim's identification of Appellant (if indeed she identified him), we hold the motion court did not clearly err in finding that Appellant's allegation regarding the lineup was "unsupported by facts which, if true, would entitle [him] to relief."

■ Furthermore, where a prisoner, after pleading guilty, seeks postconviction relief on the ground that his plea resulted from ineffective assistance of counsel, the prisoner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Gilliland v. State,* 882 S.W.2d 322, 325[4] (Mo.App.S.D.1994); *Engelmann v. State,* 864 S.W.2d 445, 446[5] (Mo.App. W.D.1993).

According to a "Petition to Enter Plea of Guilty" signed by Appellant and presented to the plea court at the time of the guilty pleas, the prosecutor promised Appellant that if Appellant pled guilty, the prosecutor would "not file as a prior, persistent, or class X offender." Appellant's motion to vacate contains no allegation that if plea counsel had successfully moved to suppress the victim's identification of Appellant (if any), he would have stood trial instead of pleading guilty. Because of the lack of such an allegation, we hold the motion failed to plead facts warranting an evidentiary hearing.

■ Finally, after a guilty plea, counsel's effectiveness is relevant in a motion for postconviction relief only to the extent it affects the voluntariness of the plea. *Wilkins v. State,* 802 S.W.2d 491, 497[2] (Mo. banc 1991), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). The existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Gilliland,* 882 S.W.2d at 325[6]; *Farmer v. State,* 758 S.W.2d 156, 157[3] (Mo.App.E.D.1988).

■ As we have seen, officers tentatively identified Appellant from a videotape, and Appellant confessed to the sheriff. Neither Appellant's original motion nor his amended motion alleges the confession was inadmissible. During the guilty plea proceeding, Appellant told the plea court he believed he would be found guilty if he stood trial.

As reported earlier, Appellant confirmed to the plea court that the facts narrated by the prosecutor were true. Those facts demonstrate Appellant was guilty of the crimes

to which he pled guilty. The plea court informed Appellant of the correct range of punishment for all three crimes. The Petition to Enter Plea of Guilty stated Appellant had not been mistreated, threatened, coerced or forced to plead guilty.

The record therefore establishes that Appellant's pleas of guilty were voluntarily and understandingly made. That being so, any failure by plea counsel to inquire into the circumstances surrounding the alleged lineup would not entitle Appellant to postconviction relief. Appellant's point relied on is denied.

That determination would normally end our task. However, in a document filed pro se after briefing was completed, Appellant argues the information "legally charged" him with only second degree robbery, hence the life sentence he received on Count I exceeded the authorized punishment for that count. We shall consider that contention *ex gratia.*

Count I of the information alleged, in pertinent part, that Appellant:

"... in violation of Section 569.020, RSMo, committed the class A felony of robbery in the second degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on or about December 2, 1993, in the County of Scott, State of Missouri, the defendant forcibly stole lawful currency in the possession of [the victim] and in the course thereof defendant threatened to use a dangerous instrument against [the victim]. 12020

(Penitentiary not less than 10 years nor more than 30 years or life.)"

Appellant's original motion to vacate, coupled with his amended motion to vacate, raised the issue that Count I charged him with only robbery in the second degree, therefore the range of punishment was imprisonment for a term between five and fifteen years. As noted in the first paragraph of this opinion, the plea court sentenced Appellant to life imprisonment on Count I.

The motion court found:

"Count I is obviously ambiguous on its face in that Section 569.020, RSMo, is, in fact, the crime of robbery in the first degree instead of robbery in the second degree as set out in Count I. The statutory range of punishment Section 558.011.1(1), RSMo, is, in fact, the range of punishment for a class A felony. The charge code 12020 is the charge code for robbery in the second degree. The parenthetical phrase setting out the range of punishment as penitentiary not less than 10 years nor more than 30 years or life, is the correct range of punishment for a class A felony.

.    .    .    .    .

Movant's allegations that his substantial rights were prejudices [sic] are refuted by the Petition to Enter a Plea of Guilty executed by the Movant on April 27, 1994, which is signed by Movant and [plea counsel]. Paragraph 11 of the petition indicates that Movant's lawyer informed him that the range of punishment which the law provided in this case is 'robbery first degree, 10–30 years or life'.

The only reasonable construction of the information leads to the conclusion that Defendant was charged with the offense to which he pled guilty."

■ In determining whether Count I charged Appellant with robbery in the first degree, we observe that § 569.020, cited in Count I, defines robbery in the first degree and designates it a class A felony. Section 558.011.1(1), cited in Count I, establishes the range of imprisonment for a class A felony. The facts pled in Count I track § 569.020.1(3) and are sufficient to charge robbery in the first degree. *Cf. State v. Jones,* 745 S.W.2d 748, 750 (Mo.App.E.D.1987). Furthermore, the range of imprisonment set forth immediately after the factual allegations is the range for robbery in the first degree.

The flaw in Count I is its designation of the crime as "robbery in the second degree." In that regard, Rule 23.01(b)5 requires that an information state "the name and degree, if any, of the offense charged." Count I correctly names the offense charged: robbery. However, Count I misstates the degree.

In *State v. Hale,* 878 S.W.2d 510 (Mo.App. S.D.1994), an indictment alleged facts which, if proven, would constitute the class A felony of assault in the first degree by knowingly

inflicting serious physical injury on the victim. However, the indictment identified the charge as a class B felony. Prior to trial, the prosecutor pointed out the error. The trial court informed the accused that the indictment stated "the wrong class on the charge." *Id.* at 511. On appeal by the accused, this Court noted the accused was charged with conduct punishable as a class A felony. *Id.* at 512. Affirming the conviction, this Court held: "Mischaracterization of the classification of an offense does not detract from the factual statements of the charge." *Id.* at 512[3].

In *State v. Toney,* 680 S.W.2d 268 (Mo. App.E.D.1984), the accused was convicted of two class A felonies; however, the information failed to allege that either offense was a class A felony. The Eastern District of this Court held that the information "taken as a whole" alleged sufficient facts to constitute the offenses as class A felonies. *Id.* at 278. The Court said: "The test of the sufficiency of an information ... is whether it contains all the essential elements of an offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense." *Id.* at 278[23]. Finding the information sufficient for that purpose, the Court affirmed the conviction.

Here, as observed earlier, the facts pled in Count I, narrated by the prosecutor and admitted by Appellant when he pled guilty, demonstrate he committed robbery in the first degree. The Petition to Enter Plea of Guilty, signed by Appellant, states his lawyer informed him that the range of punishment is "robbery first degree, 10–30 years or life." Furthermore, the plea court informed Appellant that Count I "is an A felony" punishable by "[p]enitentiary not less than 10, no more than 30 years or life."

In *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992), the accused did not attack the information in the trial court, but claimed on appeal that it was insufficient. The Supreme Court of Missouri held that when the issue is raised for the first time after verdict, the information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the accused was convicted or (2) the

substantial rights of the accused to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. *Id.* at 35[8]. In either event, an accused will not be entitled to relief based on a post-verdict claim that the information is insufficient unless he demonstrates actual prejudice. *Id.*

Appellant has failed to demonstrate that Count I does not by any reasonable construction charge robbery in the first degree, and he does not allege his rights to prepare a defense or plead former jeopardy were prejudiced. Consequently, we hold the motion court did not clearly err in rejecting Appellant's claim that Count I charged him with only robbery in the second degree.

The judgment of the motion court denying postconviction relief is affirmed.

PREWITT, P.J. and PARRISH, J., concur.