Colon Luis RIVERA, Appellant,

v.

STATE of Missouri, Respondent.

No. 20165.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1995.

**104**

David Simpson, Office of the State Public Defender, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, Colon Luis Rivera, pled guilty to two counts of sale of cocaine, § 195.211, RSMo Cum.Supp.1991, and was sentenced to two concurrent ten-year terms of imprisonment. He thereafter filed a motion to vacate the judgment and sentences per Rule 24.035.[1] The motion court denied relief without an evidentiary hearing. This appeal followed.

Appellant's sole point relied on avers the motion court erred in denying relief without an evidentiary hearing in that Appellant pled factual allegations which, if proven, would warrant relief and which are not refuted by the record. Those allegations, according to

Appellant, are: (A) the lawyer who represented Appellant in the plea court ("plea counsel") erroneously advised Appellant "that if he pled guilty, he would only receive five (5) years on each count to run concurrently and possibly one hundred twenty (120) day callback pursuant to Section 559.115(2) RSMo," and (B) Appellant did not understand a "Petition to Enter Plea of Guilty" which he filled out and submitted to the plea court, and "was dependent on [plea] counsel to explain consequence of plea." We address those issues seriatim. For convenience, we refer to the advice which Appellant alleges plea counsel gave him about the sentences he would receive as "the alleged misguidance."

At the time Appellant entered his pleas of guilty, he presented to the plea court a seven-page document captioned "Petition to Enter Plea of Guilty." It was marked Defendant's Exhibit 1. We henceforth refer to it as "Exhibit 1."

Parts of Exhibit 1 are pertinent to component "(A)" of Appellant's point relied on, set forth above. They are:

"8) My lawyer informed me that the range of punishment which the law provides in this case is: five to 15 years on each count.

. . . .

10) I understand the plea bargain agreement to be: None.... I understand that if this is an open plea (no negotiated plea) that a pre-sentence investigation will be prepared by the Department of Probation and Parole. I understand that the Court is not bound by any recommendation by the probation officer. Further, that the Court may grant or deny probation in its discretion and may impose any sentence that falls within the range of punishment.

If anyone else made any promises or suggestions, except as noted in this paragraph I know that he/she had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the judge. I hope to receive leniency, but I am prepared to accept any punish-

1. Rule references are to Missouri Rules of Criminal Procedure (1994).

ment permitted by law which the Court sees fit to impose.

11) Neither I, nor any of my friends or loved ones, has been mistreated, threatened, coerced, or forced in any manner by anyone to get me to plead GUILTY, nor were there any promises, inducements, or representations made except as set forth in Paragraph # 10 above."

Appellant placed his signature at the foot of each page where the above provisions appear.

The plea court placed Appellant under oath and questioned him about Exhibit 1. The dialogue includes this:

"Q Did you have an opportunity to review this document with your attorney?

A Yes, Your Honor.

Q Do you understand everything that is set out in this document?

A Yes, Your Honor.

. . . .

Q Do you have any problem speaking or using the English language, Mr. Rivera?

A None that I know, Your Honor.... it's not perfect, but I understand very well. I know how to write it. I know how to speak English.

. . . .

Q Mr. Rivera, are you aware that the range of punishment for this offense is 5 to 15 years?

A Yes, Your Honor.

Q And that the Court can stack those sentences together on each of the two counts so you'd actually be looking at a minimum possibly of 10 to 30 years?

A Yes, Your Honor.

. . . .

Q You understand there is no negotiated plea?

A Yes, Your Honor.

Q Do you also understand, Mr. Rivera, that the way this will work is that the Court will order a presentence investigation to be prepared and that Probation and Parole will actually make a recommendation to the Court?

A Yes, Your Honor.

Q Do you also understand, Mr. Rivera, that that is not binding on the Court and that even if they recommend probation, this Court does not have to go along with that?

A Yes, Your Honor."

Some two months after accepting Appellant's pleas of guilty, the plea court conducted a sentencing hearing. After pronouncing the sentences, the plea court addressed Appellant:

"[The Court:] You have been represented by [plea counsel] and I questioned you at the time that we took the pleas of guilty whether you had any complaints with the way that he had handled your case. Do you have any complaints today?

Defendant Rivera: No, Your Honor."

To obtain an evidentiary hearing, a prisoner seeking post-conviction relief must meet three requirements: (1) his motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the prisoner. *State v. Starks*, 856 S.W.2d 334, 336[2] (Mo. banc 1993); *Gilliland v. State*, 882 S.W.2d 322, 325[3] (Mo.App.S.D.1994).

As reported in the second paragraph of this opinion, component "(A)" of Appellant's point relied on maintains the record does not refute his allegation that plea counsel gave him the alleged misguidance. Appellant's position, as we understand it, is that because the advice plea counsel gave Appellant does not appear in the record, the motion court should have conducted an evidentiary hearing so Appellant could "adduce evidence regarding [plea] counsel's advice to him, and more importantly, his interpretation of that advice."

Appellant is correct in asserting that the record does not reveal the advice plea counsel gave him about the sentences he would receive. Consequently, Appellant's premise that the record does not explicitly refute his allegation that plea counsel gave him the alleged misguidance is likewise cor-

rect. However, that does not entitle Appellant to an evidentiary hearing.

As noted earlier, the third requirement Appellant must meet in order to obtain an evidentiary hearing is that the matters complained of resulted in prejudice to him. *Starks,*[°] 856 S.W.2d at 336[2]; *Gilliland,* 882 S.W.2d at 325[3].

As we have seen, the plea court, by questioning Appellant, confirmed that he (a) can speak, write and understand English, (b) understood the range of punishment for each count, (c) knew there was no agreement for any specific sentences and the plea court could impose any sentences within the authorized range, and (d) was aware that the plea court's decision on sentencing and probation would be made after a presentence investigation.

The record thus establishes that even if plea counsel gave Appellant the alleged misguidance (an extremely unlikely scenario in view of the plea court transcript[2]), Appellant clearly understood the plea court's explanation that there was no agreement whereby he would receive five years on each count, to run concurrently, and clearly understood there was no agreement that the plea court would grant probation within 120 days after imposing the sentences.

■ After a plea of guilty, the effectiveness of an accused's lawyer is relevant in a proceeding for post-conviction relief only to the extent that it affected the voluntariness of the plea. *Wilkins v. State,* 802 S.W.2d 491, 497[2] (Mo. banc 1991), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991).

The record firmly demonstrates that Appellant's pleas of guilty were entered voluntarily and with a clear and complete understanding that the sentences he would receive could be any sentences within the authorized range. The record likewise establishes, with equal clarity, that Appellant understood the

plea court was not required to grant probation even if the presentence investigation report recommended it. Consistent with the record, the motion court found: "The record reflects that movant freely, voluntarily and intelligently entered his pleas of guilty."

■ Our review of the motion court's findings and conclusions is limited to a determination of whether they are clearly erroneous. Rule 24.035(j); *Wilson v. State,* 813 S.W.2d 833, 835[5] (Mo. banc 1991). Inasmuch as any claim by Appellant that he was prejudiced by the alleged misguidance or that his pleas of guilty were not knowingly and voluntarily entered because of the alleged misguidance is categorically refuted by the record, we hold the motion court did not clearly err in denying relief without an evidentiary hearing on the complaint in component "(A)" of Appellant's point relied on.

As announced in the second paragraph of this opinion, component "(B)" of Appellant's point relied on is based on Appellant's allegation in the motion court that he did not understand Exhibit 1 and was dependent on plea counsel "to explain consequence of plea."

That averment is refuted by the dialogue between Appellant and the plea court (quoted *supra* ) wherein Appellant avowed he understood everything in Exhibit 1. Obviously recognizing this, Appellant, in the argument portion of his brief, asserts the plea court *failed to personally address him as required by Rule 24.02.* Citing *Dean v. State,* 901 S.W.2d 323 (Mo.App.W.D.1995), Appellant maintains the plea court's alleged noncompliance with Rule 24.02 entitles him to an evidentiary hearing on his claim that he did not understand Exhibit 1.

■ We disagree. Appellant's brief candidly acknowledges Appellant did not "couch his postconviction motion in terms of violating Rule 24.02." That is, Appellant did not plead in the motion court that his convic-

---

**2.** It will be recalled that Appellant assured the plea court under oath that he understood Exhibit 1. One of its provisions was that no promises, inducements or representations had been made to Appellant to cause him to plead guilty. Furthermore, as recounted earlier, Appellant told the plea court immediately after the court pro-

nounced the sentences that Appellant had no complaint against plea counsel. Had plea counsel led Appellant to expect sentences other than those imposed, it is virtually inconceivable that Appellant would have registered no complaint about plea counsel.

tion should be vacated because the plea court failed to comply with Rule 24.02. Claims which are not presented to the motion court cannot be raised for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535[8] (Mo. banc 1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990).

Because Appellant's claim that he did not understand Exhibit 1 is refuted by the record, and his claim that the plea court failed to comply with Rule 24.02 was not presented to the motion court, component "(B)" of Appellant's point relied on is without merit.

The judgment of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

