John David HICKMAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21381.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 11, 1997.

A. Renae Adamson, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

John David Hickman (movant) pleaded guilty to second degree murder. § 565.021.1, RSMo 1994. He filed a motion for post-conviction relief pursuant to Rule 24.035 after he was sentenced and delivered to the custody of the department of corrections. His Rule 24.035 motion was denied following an evidentiary hearing. Movant appeals that judgment. This court affirms.

Movant was originally charged with murder in the first degree and armed criminal action. His plea of guilty to murder in the second degree was entered in accordance with a negotiated plea agreement. The terms of the plea agreement were that the murder charge would be reduced to murder in the second degree and the armed criminal action charge would be *nolle prosequi*. The state agreed to recommend that movant be sentenced to imprisonment for a term of 20 years. The trial court accepted movant's plea of guilty and imposed punishment in accordance with his plea agreement.

■ Movant presents one allegation of error. He contends the motion court erred in denying his Rule 24.035 motion in that he was denied effective assistance of counsel. He claims his plea of guilty was involuntary; that he was coerced into pleading guilty by his trial attorney's threats that he would receive the death penalty if he proceeded to trial on the original charge of murder in the first degree.

Rule 24.035(k) prescribes that the applicable scope of appellate review is limited to a "determination of whether the findings and conclusions of the trial court are clearly erroneous."

The motion court's findings and conclusions include:

In a guilty-plea case a movant must allege and prove that he would not have pleaded guilty and would have proceeded to trial but for the ineffectiveness of counsel. *Trehan v. State,* 872 S.W.2d 156, 159 (Mo.App.1994).... [T]he effectiveness of the attorney is relevant only to the extent that it affected the voluntariness of the plea. *Steinle v. State,* 861 S.W.2d 141, 144

(Mo.App.1993); *Rivera v. State,* 912 S.W.2d 103, 106 (Mo.App.1995).

.    .    .    .    .

There is no credible evidence that the attorney coerced movant to plead guilty. Upon review of the evidence recited and the written and video statements of movant, it appears that movant was in no way prejudiced by accepting the plea agreement. . . .

.    .    .    .    .

The allegations of the involuntariness of the plea are not supported by the evidence. Neither are the other claims. The attorney exercised the customary skill and diligence that a reasonably competent attorney would have exercised in the circumstances of the case. Movant was not prejudiced by any acts or omissions of the attorneys.

■ The motion court observes the witnesses who testify. It is in a superior position to assess their credibility than an appellate court that is restricted to reviewing a written record of testimony. Appropriately, an appellate court is constrained to defer to the motion court's assessment of credibility of witnesses. *Betts v. State,* 876 S.W.2d 802, 805 (Mo.App.1994); *Hammon v. State,* 841 S.W.2d 276, 277 (Mo.App.1992).

Having reviewed the record on appeal, this court concludes that the motion court's findings of fact are not clearly erroneous. No error of law appears. Further opinion would have no precedential value. The judgment denying movant's Rule 24.035 motion is affirmed in compliance with Rule 84.16(b)(2) and (5).

MONTGOMERY, C.J., and SHRUM, J., concur.