**Edward Eugene CHRISTY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41837.**

Missouri Court of Appeals,
Western District.

Dec. 5, 1989.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

GAITAN, Judge.

Movant, Edward Eugene Christy, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. On February 6, 1987, in the Circuit Court of Vernon County, movant entered a plea of guilty to a charge of two counts of forgery, § 570.090.1(1) RSMo 1986, and two charges of tampering in the first degree, § 569.080.1(2) RSMo 1986. The trial court accepted the recommendation of the prosecutor, staying imposition of sentence on all counts and placing movant on four years supervised probation under the standard terms of probation.

On April 3, 1987, once again in the Circuit Court of Vernon County, movant pled guilty to burglary in the first degree, § 569.160 RSMo 1986, assault in the second degree, § 565.060 RSMo 1986, and tampering in the first degree. The trial court sentenced the movant to four years on the burglary charge and four years on the assault charge, to run concurrently. On the tampering charge, the trial court sentenced movant to four years, but stayed execution of the sentence and placed movant on five years supervised probation.

As the April 3 guilty plea proceeding began, movant's attorney stated to the trial court that movant understood that he faced a probation violation hearing, and requested the court to take up the matter of the violations, so that when the movant "leaves here today everything's going to be done and taken care of." Following the guilty plea portion of the proceeding, the trial court granted movant's request and dealt with the probation violations. Movant received a sentence of four years for each tampering charge, to run consecutively. The trial court sentenced movant to four years on each count of the forgery charge, to run concurrently with each other but to run consecutively with each sentence for tampering.

Movant filed a pro se Rule 24.035 motion on June 29, 1988. On July 1, 1988, the motion court appointed counsel for movant. Due to various continuances and change of counsel for movant, an amended motion was not filed until October 19, 1988. Once again, due to change of counsel and continuances granted for good cause, oral arguments on the motion were not held until February 9, 1989. The motion court entered findings of facts and conclusions of law on March 30, 1989, denying movant's claim without a hearing. We affirm.

At the onset of our review, we note that the filing of movant's amended motion as well as the many continuances granted, failed to comply with Rule 24.035(f) and (g). However, this Court will review *ex gratia.* Appellate review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 23.045(j). Findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). "To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking relief must plead facts, not conclusions, which if true would warrant relief; and the matters complained of must have resulted in prejudice to the prisoner." *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987). Further, when a plea of guilty is made, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Scott v. State,* 758 S.W.2d 170, 172 (Mo.App.1988).

In his only point on appeal, movant contends that the trial court erred in denying his Rule 24.035 motion without an evidentiary hearing because he was denied effective assistance of counsel in that counsel waived movant's right to written notice of alleged probation violations; that such waiver denied movant due process; and that denial of movant's due process rights in the probation revocation portion of the proceeding impermissibly tainted the entire proceeding and rendered his plea of guilty involuntary and without knowledge.

Normally a movant's challenge to the legality of a probation revocation is not cognizable in a Rule 24.035 proceeding. The proper remedy is habeas corpus. *Baugh v. State,* 759 S.W.2d 882, 883 (Mo. App.1988); *cf., Green v. State,* 494 S.W.2d 356, 357 (Mo. banc 1973). However, as this appeal is worded in terms of ineffective assistance of counsel, we will review movant's claim under Rule 24.035.

Revocation of probation is not a criminal proceeding. *Missouri Division of Employment Sec. v. Labor and Indus. Relations Commission,* 620 S.W.2d 36, 38 (Mo. App.1981); *e.g., Reiter v. Camp,* 518 S.W.2d 82, 87 (Mo.App.1974). As such, the full panoply of rights due a defendant in a criminal prosecution does not apply. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). However, minimum requirements of due process, which apply to probation revocation, do mandate written notice of the claimed violations of probation or parole. *Abel v. Wyrick,* 574 S.W.2d 411, 417 (Mo. banc 1978); *see also, Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (conditions specified in *Morrissey* apply to probation revocation); *Morrissey v. Brewer,* 408 U.S. at 489, 92 S.Ct. at 2604 (due process applicable to parole revocation). Missouri law specifies that "[p]robation shall not be revoked without giving the probationer notice and an opportunity to be heard on issues of whether he violated a condition of probation and if he did, whether revocation is warranted under all circumstances." § 559.036.4 RSMo.1986.

The record indicates that prior to the onset of the April 3 guilty plea/probation revocation proceeding, movant through counsel, requested that the trial court take up the matter of the probation violations immediately following the guilty plea phase. Prior to proceeding with the movant's plea on the three new charges, the trial court directly addressed the movant and asked him whether he understood that a plea of guilty would be evidence of a violation of probation. Movant responded in the affirmative. The trial court informed the movant that it would not be bound by any recommendation between the state and defense on the probation cases, and that movant could be sentenced to consecutive terms on each of the four felony counts. Movant stated that he understood, and confirmed that his attorney had previously explained these facts to him.

Following the guilty plea phase, the trial court once again addressed the movant. The trial court informed the movant that he

had the right to a written notice of the violation charges, as well as the State's evidence; the right to a preliminary hearing; and the right to a full evidentiary hearing for final proof. The trial court told movant that the basis of the violation charges were movant's violations of the law subsequent to his probation on February 6, 1987, and that the State's evidence would consist of a certified copy of the April 3 convictions, as well as three felony convictions in adjacent Cedar County. The trial court gave movant the option to stay the proceedings while a written probation violation report was typed.

Under examination by the trial court movant personally waived his right to a written report, the right to a preliminary hearing, and the right to an evidentiary hearing for final proof. Movant stated that he understood the basis of the violation charges and testified to the court that he had violated condition number one of the Order of Probation; obedience to all federal and state laws as well as municipal and county ordinances.

■ The record infers that movant's attorney, prior to the proceeding, had discussed with movant the probation revocation process. The record clearly shows that the trial court made a thorough explanation to movant his rights as required through due process. A person can waive fundamental constitutional rights through a voluntary, knowing, and intelligent waiver. *State v. Barteau,* 714 S.W.2d 798, 800 (Mo.App.1986). The record demonstrates that movant made such a voluntary, knowing and intelligent waiver. Therefore this court can find no violation of movant's right to due process.

■ Movant alleges that his trial counsel was ineffective for waiving movant's right to written notice. As previously noted, the record refutes such an allegation as movant personally responded to the trial court's questions and waived his own rights. Further, to prevail on a claim of ineffective assistance of counsel movant must show that his attorney's performance fell below the standard of care and skill of a reasonably competent attorney rendering

similar services under the existing circumstances, and that movant was prejudiced by such a deficient performance. *Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979). Movant fails to make such a showing and this Court does not find trial counsel ineffective for advising the movant to waive his right to written notice, when movant made the final decision.

The requirement for notice is two-fold in a probation revocation hearing; not only to determine if a violation occurred, but also to determine whether probation should be revoked or other alternatives invoked. *Abel v. Wyrick,* 574 S.W.2d at 417. The record attests to the fact that an explanation of movant's actions was presented to the trial court, and that the trial court considered the alternatives to revocation as well as concurrent or consecutive sentences. However, unlike *Abel,* where the violation was due to a personal problem with alcohol, the violations of movant were major felonies, similar to that for which he was originally placed on probation. *Id.* The revocation of probation and the imposition of sentence did not violate movant's due process.

■ Movant argues that without first providing written notice of violation charges, that the trial court lacked jurisdiction. Movant bases this allegation on the Missouri Supreme Court's decision in *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710, 714 (Mo. banc 1977) which held that issuance of a warrant within a reasonable time and the execution of the warrant after its issuance, vested a court with jurisdiction over a probationer. Movant misconstrues *Carlton.* The issue before the Court was the trial court's jurisdiction after the expiration of the term of probation. The trial court learned of a probation violation and executed a warrant prior to the expiration of probation, but postponements delayed the revocation hearing until after the probationer's term had expired. *Carlton* does not stand for the proposition that a trial court must provide written notice of violation charges in order to have jurisdic-

tion. Rather Missouri law has long held that "because revocation proceedings are an extension of the original plea bargain or trial, it is manifest that the trial court granting probation retain continuing jurisdiction over the petitioner throughout the entire period of probation." *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194, 196 (Mo.App.1979); *cf., Moore v. Stamps*, 507 S.W.2d 939, 948 (Mo.App.1974). Thus we find that the Circuit Court of Vernon County maintained jurisdiction over movant Christy and had jurisdiction to revoke movant's probation.

As we find that trial counsel was not ineffective in his representation of movant in the probation revocation proceeding and that movant was not denied due process, movant's contention that the guilty plea proceeding was impermissibly tainted is without merit. Further we conclude that the record indicates there was a factual basis for movant's plea and that it was entered voluntarily and knowingly. The movant court was not clearly erroneous in its finding and conclusions. Judgment affirmed.

All concur.