**Christopher TETER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 49226.

Missouri Court of Appeals,
Western District.

Feb. 28, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and BERREY, JJ.

FENNER, Chief Judge.

On February 7, 1989, the appellant, Christopher Teter, pled guilty to the felony of manufacturing and compounding marijuana in violation of § 195.020, RSMo 1986 (repealed), and was sentenced by the Ray Coun-ty Circuit Court to five years in the Missouri Department of Corrections. Pursuant to a plea agreement, execution of the sentence was stayed by the circuit court and Teter was placed on probation for five years.[1] On August 6, 1990, Teter was brought before the Ray County Circuit Court for a probation violation hearing.[2] He confessed to having violated the terms of his probation by providing false information to his probation officer and using a controlled substance. While stating Teter's probation violations were "serious and material," the court continued Teter's probation with the additional condition of community sentencing and 120 days of house arrest.

On May 5, 1993, Teter again appeared before the Ray County Circuit Court for violating his probation by driving with a suspended license and not wearing a seat belt. At this hearing, his probation was revoked and Teter was committed to serve his five-year sentence. On August 2, 1993, Teter filed a Rule 24.035 motion for postconviction relief, alleging ineffective assistance of counsel at the May 5 probation violation hearing. The motion court dismissed the motion without an evidentiary hearing on December 1, 1993. By leave of this court, Teter appealed the dismissal of his Rule 24.035 motion on April 1, 1994.

In his sole point on appeal, Teter contends the motion court clearly erred, resulting in prejudice, in denying his Rule 24.035 motion because he was denied effective assistance of counsel in violation of the United States and Missouri Constitutions in that his counsel did not act as a reasonably competent attorney when he failed to properly and correctly argue the trial court's lack of probable cause to revoke his probation.

"Rule 24.035 allows only challenges to the validity of judgments of conviction or sentences, and then only on specified grounds." *Wood v. State*, 853 S.W.2d 369, 370 (Mo.App. 1993). In *Wood*, the movant attacked neither his conviction nor his sentence. Rather, he attacked the legality of the order revoking

---

1. At the time of his conviction and sentencing, Teter was on parole for a conviction of rape from the Lafayette County Circuit Court.

2. The August 6 hearing was continued to September 7, 1990, at which time the trial court entered its decision in that proceeding.

his probation. "A [Rule 24.035 motion] is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing." *Id.* Therefore, the court held, the trial court did not err in dismissing the movant's motion.

Furthermore, this court stated in *Christy v. State*, 780 S.W.2d 704, 706 (Mo.App.1989), "Normally a movant's challenge to the legality of a probation revocation is not cognizable in a Rule 24.035 proceeding. The proper remedy is habeas corpus." [3]

Therefore, although the motion court reviewed Teter's Rule 24.035 motion on its merits and issued Findings of Fact and Conclusions of Law, Teter's motion questioning the validity of the revocation of his probation due to ineffective assistance of counsel is not cognizable under Rule 24.035.[4] Thus, the motion court did not clearly err in dismissing Teter's Rule 24.035 motion.

The dismissal of Teter's Rule 24.035 motion is sustained.

All concur.

---

3. In his brief, Teter's counsel states he is aware of our opinion in *Christy v. State*, but asks that we reconsider our holding in that case. We expressly decline to do so.

4. Because his claim is not cognizable under Rule 24.035, we need not decide whether, on the merits of the case, Teter received effective assistance of counsel or whether his probation should have been revoked.