Richard J. O'HAREN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 51148.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Lester W. Duggan, Jr., John C. Maxwell, St. Charles, for appellant.

Philip M. Koppe, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Richard J. O'Haren appeals from the motion court's denial of his Rule 24.035 motion without an evidentiary hearing. O'Haren pleaded guilty to the offense of driving while intoxicated in violation of § 577.010, RSMo 1986.[1] Judgment is affirmed.

On January 11, 1989, Richard J. O'Haren ("movant") was stopped in Miller County, Missouri for erratic driving. He appeared intoxicated at the time. He refused to take a breathalyzer test.

On September 26, 1989, an information was filed charging movant with committing the class D felony of driving while intoxicated in violation of § 577.010. The information also provided that (1) on November 25, 1985, in Miller County, movant pleaded guilty to driving with excessive blood alcohol content; and (2) on June 20, 1986, in St. Louis County, movant pleaded guilty to or was convicted of driving while intoxicated and a separate charge of driving with excessive blood alcohol content. On November 22, 1989, movant entered a plea of guilty in exchange for the State's agreement to recommend a five year term of imprisonment, with a suspended execution of sentence, and the condition that movant be placed on supervised probation for five years.

On October 13, 1994, the trial court in Miller County conducted a probation revocation hearing to determine whether movant had violated the conditions of his probation. Movant admitted that he pleaded guilty to a charge of driving while intoxicated in St. Louis. Movant agreed to allow the trial court to order execution of the five year sentence, with the assurance that movant would serve the first 120 days in the Mineral Area Treatment Program. Movant was informed that if the program was successfully completed, movant would be released. Movant was instructed that if the program was not successfully completed, movant would have to serve the remainder of the five year sentence. The court revoked movant's probation, and ordered the execution of the five year sentence subject to the 120 day callback provisions of § 559.115, RSMo Supp.1992.

On February 7, 1995, movant filed his *pro se* Rule 24.035 motion. Movant's counsel filed an amended motion on April 3, 1995 and alleged, *inter alia*, that (1) the information was insufficient to charge him with the class D felony of driving while intoxicated, (2) the state failed to present evidence to show that movant was an intoxication-related persistent offender and (3) the sentencing judge failed to make the findings of fact that the statute required to find him to be an intoxication-related "persistent offender." On May 16, 1995, movant's motion was denied without an evidentiary hearing. Movant appeals.

1. All statutory references are to RSMo 1986, unless otherwise indicated.

*Information*

In Point I, movant claims that the motion court clearly erred in refusing to vacate movant's conviction and five-year sentence for driving while intoxicated as an intoxication-related "persistent offender," because the information was insufficient to support the charge. The standard of review for challenges to the sufficiency of an information presented for the first time following a guilty plea is set forth in *State v. Sparks,* 916 S.W.2d 234, 237 (Mo.App.1995), where the court stated that an information will be held sufficient unless "(1) it does not by any reasonable construction charge the offense to which the defendant pled guilty and (2) the defendant demonstrates actual prejudice as a result of the insufficiency."

Movant was charged with the class D felony of driving while intoxicated, in violation of § 577.010, which provides: "A person commits the crime of **"driving while intoxicated"** if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.023.1(2) provides: "A **"persistent offender"** is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction."[2] Section 577.023.1(1) defines **"intoxication-related traffic offense"** as "driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law." Section 577.023.3 provides that any person who pleads guilty to or is found guilty of a violation of § 577.010 who is alleged and proven to be a persistent offender is guilty of a class D felony. Section 558.011 sets forth that the authorized term of imprisonment for a class D felony is "a term of years not to exceed five years."

With the exception of one omission of a date in the allegation of the June 20, 1986 conviction, the information listed the disposition of two prior intoxication-related driving offenses against movant in the form required by Missouri Approved Charges—Criminal 31.02 (1985). The information filed by the state reads:

The Prosecuting Attorney of the County of Miller, State of Missouri, charges that the defendant, in violation of Section 577.010, RSMo, committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that on January 11, 1989, on Business Highway 54 near Bagnell Dam in the County of Miller, State of Missouri, the defendant operated a motor vehicle while in an intoxicated condition, and

On November 25, 1985, the defendant has pleaded guilty to driving with excessive blood alcohol content for events occurring on August 15, 1985, in the Circuit Court of Miller County, Associate Division, and

On or about June 20, 1986, defendant has pleaded guilty to or was convicted of driving while intoxicated and a separate charge of driving with excessive blood alcohol content in the Circuit Court of St. Louis County.

Relying on *State v. Stewart,* 832 S.W.2d 911 (Mo. banc 1992), movant claims that the motion court erroneously denied his motion as he was sentenced as an intoxication-related "persistent offender" when the state failed to show that movant was convicted of three prior intoxication-related driving offenses before the one in which he entered a plea. In *Stewart,* the Missouri Supreme Court interpreted § 577.023 as requiring three offenses in addition to the one charged for a person to be classified as a "persistent offender."[3] *Id.*

---

**2.** Movant claims that the legislature made a distinction in § 577.023 between "pleas" or "findings of guilty" and "convictions" for purposes of determining whether someone is a "persistent offender." We conclude that movant's argument is unpersuasive. *See State v. Acton,* 665 S.W.2d 618, 619 (Mo. banc 1984). In *Acton,* the Missouri Supreme Court stated that § 577.023

"treats prior pleas of guilty as 'convictions' for purposes of sentence enhancement."

**3.** The Court in *Stewart* stated: "The legislature is urged to evaluate § 577.023's intoxication-related prior and persistent offender provisions regarding the necessity for three offenses to prove persistent offender status and two offenses to prove prior offender status." Subsequent to

at 913. The *Stewart* court stated that its decision applied retroactively to any pending case not finally adjudicated as of the date of its opinion. *Id.* at 914. The *Stewart* opinion was issued on June 30, 1992. Movant's plea was entered and movant was sentenced on November 22, 1989. Movant claims he is entitled to the benefit of *Stewart* because his sentence was not executed until over two years after *Stewart* was decided. A case is considered "pending" until direct review is exhausted. *Engelmann v. State*, 864 S.W.2d 445, 448 (Mo.App.1993)(involving the same issue as presented here). Since movant did not appeal after the entry of his plea, movant's case was final and not pending at the time of the *Stewart* decision. *See Engelmann*, 864 S.W.2d at 448. The holding in *Stewart* does not aid movant.

■ Prior to *Stewart*, Missouri case law recognized that a third DWI conviction, rather than a fourth, triggered the persistent offender provisions of § 577.023. *See State v. Acton*, 665 S.W.2d 618 (Mo. banc 1984); *Engelmann v. State*, 864 S.W.2d 445 (Mo.App. 1993); *State v. Miles*, 720 S.W.2d 35, 36 (Mo.App.1986). The information charged movant with the class D felony of driving while intoxicated. It further set forth two prior convictions for intoxication-related offenses. The information clearly shows that movant was convicted of at least two prior intoxication-related driving offenses, in addition to the offense charged in the information. The allegations in the information were sufficient for the trial court to find that movant was a "persistent offender" pursuant to § 577.023.1(2) and in accordance with Missouri law at the time movant's case became final.[4]

Movant further attacks the information as defective because it did not specifically refer to § 577.023.1(2), or use the term "persistent offender." However, the omission of a statutory reference does not necessarily render the information deficient. *See State v. Cusumano*, 819 S.W.2d 59, 61 (Mo.App.1991). The pattern charge does not call for the use of these terms and the state is not required to go beyond the pattern charge. We conclude that the information charges movant as a persistent intoxication-related offender under § 577.023. *See Sparks*, 916 S.W.2d at 238. Movant does not allege he was prejudiced by the omission of facts in the state's information and after reviewing the record, we conclude there was no actual prejudice to movant.

■ In the alternative, movant contends that his trial counsel was ineffective for failing to assert the insufficiency of the information at the first opportunity and in failing to advise movant to proceed to trial. Counsel could not be ineffective in this case for failing to anticipate *Stewart*. Trial counsel is generally not deemed ineffective for failing to anticipate a change in the law. *Hawkins v. State*, 854 S.W.2d 606, 607 (Mo.App.1993). In reviewing an ineffective assistance of counsel claim, counsel's conduct is measured by what the law is at the time of trial. *Id.* Movant failed to meet either requirement of the narrow scope of review for post-guilty plea claims of insufficient information. Consequently, we conclude the trial court did not err in sentencing movant as a persistent intoxication-related offender. Point I is denied.

### Evidence and Findings

In Point II, movant asserts that (1) the evidence fails to support the court's judgment finding him to be an intoxication-related "persistent offender" under § 577.023 and

---

*Stewart*, the legislature amended § 577.023.1(2) to read: "A **'persistent offender'** is a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged."

**4.** Movant also claims that the information was defective because it did not specifically state that the intoxication-related offenses were violations of state law in accordance with § 577.023.1(1). It is obvious from the allegations contained in the information that the offenses were violations of state law. The information shows that movant was charged with the class D felony of driving while intoxicated in violation of § 577.010. The prior offenses listed both show that movant was prosecuted in the circuit courts of Miller County and St. Louis County. The information is not defective because it does not specifically state the words "in violation of state law."

sentencing him to five years imprisonment and (2) the sentencing court failed to make the findings of fact required by § 577.023.4(3). Movant also restates many of his arguments from Point I, which will not be addressed again here.

 Movant first argues that the evidence failed to support the court's finding that he was an intoxication-related persistent offender. Movant waived the requirement that the state prove the two prior convictions beyond a reasonable doubt when he pleaded guilty. Section 577.023.8 provides that "[t]he defendant may waive proof of the facts alleged." In any event, there was a factual basis for the state's allegations that movant had been previously convicted of driving with excessive blood-alcohol content on November 25, 1985 and driving while intoxicated and driving with excessive blood-alcohol content on June 20, 1986. The prosecutor stated at the plea proceeding that he was prepared to prove each specific conviction. Movant also admitted at the hearing that he had previously been convicted of these offenses.

Movant next contends that the sentencing court failed to make the findings of fact required by § 577.023.4(3) "that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender or persistent offender." After movant entered his guilty plea and the court had the opportunity to question him about the plea, the court found that there was a factual basis for the plea of guilty. The court questioned movant specifically about the two prior convictions. The court did not, however, make specific findings concerning the nature and dates of movant's two prior convictions. The trial court's findings are not reviewable in a Rule 24.035 motion. *Sparks*, 916 S.W.2d at 235. Furthermore, even if the findings were reviewable, the court's failure to make these specific findings constituted a procedural deficiency that did not affect the validity of the judgment. *Id.* at 238. The motion court did not err in denying movant's motion without a hearing. Point II is denied.

### Probation Revocation Hearing

 In Point III, movant attempts to challenge the revocation of his probation and the effectiveness of his attorney at the probation revocation hearing. The motion court refused to consider these issues in a Rule 24.035 proceeding. In arguing that the motion court should have considered these issues, movant relies on *Christy v. State*, 780 S.W.2d 704, 706 (Mo.App.1989), where this court stated:

> Normally a movant's challenge to the legality of a probation revocation is not cognizable in a Rule 24.035 proceeding. The proper remedy is habeas corpus. *Baugh v. State*, 759 S.W.2d 882, 883 (Mo.App.1988); *cf., Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973). However, as this appeal is worded in terms of ineffective assistance of counsel, we will review movant's claim under Rule 24.035.

The majority of cases addressing this issue decided both before and after *Christy* have denied the reviewability of such claims.

Generally, Missouri law provides that the legality of the revocation of one's probation may not be challenged in a Rule 24.035 motion, nor on direct appeal. *Green v. State*, 494 S.W.2d 356, 357 (Mo. banc 1973). It has been held in numerous cases that the sole remedy for such a challenge is a petition for a writ of habeas corpus. *Id.* Furthermore, movant generally cannot challenge the effectiveness of counsel at a probation revocation hearing in a Rule 24.035 motion. *Teter v. State*, 893 S.W.2d 405, 406 (Mo.App.1995). *Teter* is a recent holding which prohibits challenges to probation revocation proceedings from being raised in Rule 24.035 motions, even when the claim is stated in terms of ineffective assistance of counsel. We believe that *Teter* accurately states the law in Missouri. While *Christy* was a gratuitous decision by the court in that case to review an ineffectiveness claim in a probation revocation proceeding, we conclude that such review is not authorized by law, and that *Christy* should not be followed to the extent it is inconsistent therewith. Thus, we decline to review this point.

Judgment is affirmed.

All concur.