

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **CHRISTOPHER L. WRIGHT,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD82948** |
| | ) | |
| **v.** | ) | **OPINION FILED:  September 8, 2020** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Buchanan County, Missouri**
The Honorable David L. Bolander, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge and
Thomas N. Chapman, Judge

Christopher Wright ("Wright") appeals the denial of his Rule 24.035 motion for post-conviction relief after pleading guilty to the class E felony of driving while intoxicated pursuant to section 577.010.1.[1]  Wright asserts the State did not meet its burden to demonstrate he was a prior and persistent offender in that the "[S]tate failed to adduce any proof of [Wright's] prior enhancing offenses and the court did not make the required statutory finding that [Wright] is a persistent DWI offender."  However, because

---

[1] All statutory citations are to RSMo 2016, as updated through May 11, 2017 unless otherwise indicated.

there was a factual basis to support the finding that Wright had been convicted of two previous driving while intoxicated offenses, we affirm.

## Factual and Procedural Background[2]

Wright was charged with the class E felony of driving while intoxicated as a persistent offender by information on May 11, 2017 ("Information"), alleging that Wright drove while intoxicated on April 13, 2017. The Information alleged that Wright was found guilty of driving while intoxicated on two prior occasions on December 15, 2016, in Buchanan County, Missouri, and August 4, 2012, in Andrew County, Missouri. Wright was represented by counsel. On June 28, 2017, Wright filed a Petition to Enter Plea of Guilty ("Petition") pleading guilty to "E Felony Driving While Intoxicated" pursuant to a plea agreement with the State. In his Petition, Wright admitted, among other things:

> On or about 4-13-17, in Buchanan County, I operated a vehicle while under the influence of alcohol. *I have two prior DWI's.*

(emphasis added). The circuit court ("Plea Court") conducted a hearing on June 28, 2017. During the hearing, the following colloquy occurred:

> [The Court]: Do you understand if the State fails to prove each element of the offense beyond a reasonable doubt, that you would be entitled to go free regarding that charge; *but if you plead guilty, you waive that right* and all these rights I've asked you about?"
>
> [Wright]: Yes.
>
> [The Court]: Are you waiving each of these rights and a right to trial by jury or a trial by judge today?

---

[2] On appeal of a motion court's ruling denying a Rule 24.035 motion, "the facts must be viewed in the light most favorable to the motion court's judgment." *Robertson v. State*, 502 S.W.3d 32, 35 (Mo. App. W.D. 2016) (citing *Rousan v. State*, 48 S.W.3d 576, 579 (Mo. banc 2001)).

[Wright]: Yes.

. . .

[The Court]: Is all of the information contained in the [Petition] that your attorney handed me correct?

[Wright]: Yes.

(emphasis added). The Plea Court found beyond a reasonable doubt that Wright was guilty of the Class E felony of driving while intoxicated.

A sentencing assessment report was prepared by the Division of Probation and Parole, which was filed with the court on August 2, 2017. The sentencing report contained information regarding two previous convictions for intoxication related driving offenses: (1) "driving while intoxicated/alcohol misdemeanor" deriving from case 12AW-CR00238 on August 6, 2012; and (2) "DWI-alcohol-prior offender misdemeanor" deriving from case 16BU-CR02735. On August 16, 2017, the circuit court ("Sentencing Court") sentenced Wright to three years in the Missouri Department of Corrections but suspended the execution of the sentence and placed Wright on probation for a period of four years. On March 5, 2018, the Sentencing Court revoked Wright's probation and ordered execution of his three-year sentence.

Pursuant to Rule 24.035, Wright filed a timely *pro se* motion to vacate, set aside, or correct the Sentencing Court's judgment in the circuit court ("Motion Court"). The Motion Court appointed counsel on Wright's behalf, and appointed counsel filed a timely Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence ("Motion"). The Motion asserted that the Sentencing Court exceeded the maximum sentence as

3

authorized by law in that the Sentencing Court did not find that Wright was a persistent DWI offender as required by statute; and therefore, Wright should have been sentenced as a class B misdemeanor offender, which carries a maximum sentence of six months imprisonment. *See* section 558.011.1(7).

The Motion Court conducted a hearing, and it entered its Judgment Overruling Wright's Motion for Post Conviction Relief. Specifically, the Motion Court found in relevant part:

> 3. The Court finds that [Wright] had submitted a [Petition] in which he specifically stated that he had two prior DWI's.
>
> 4. [Wright] admitted during the plea hearing that all the information contained in the [Petition] was true.
>
> 5. The written [Petition] is a part of the Record of this Court.
>
> 6. In reliance on the written [Petition], the Court made a finding that there was a factual basis for the plea and the offense was proven beyond a reasonable doubt. Such finding includes that [Wright] was a Persistent Offender.

This appeal followed.

### Standard of Review

> This Court's review of a motion court's ruling on a Rule 24.035 motion for postconviction relief is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." "A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made."

*Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019) (internal citations omitted); *see* Rule 24.035(k).

4

## Discussion

Wright raises one point on appeal alleging the Motion Court clearly erred because the record demonstrated that Wright's sentence of three years' imprisonment for the class E felony of driving while intoxicated exceeded the maximum sentence authorized by Missouri law in that the State failed to establish Wright was a persistent offender because the State failed to prove beyond a reasonable doubt that Wright had two or more intoxication-related traffic offenses committed on separate occasions. The State argues that Wright waived the State's burden to prove his prior alcohol convictions because Wright pleaded guilty.

Section 577.010.1 provides that "[a] person commits the offense of driving while intoxicated if he or she operates a vehicle while in an intoxicated condition." Section 577.010.2(3)(a) provides that "[t]he offense of driving while intoxicated is [a] class E felony if: [t]he defendant is a persistent offender." A "persistent offender" is defined as "a person who has been found guilty of: (a) [t]wo or more intoxication-related traffic offenses committed on separate occasions; or (b) [o]ne intoxication-related traffic offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed." Section 577.001(18).[3] Furthermore, "[a] defendant may waive proof of the facts to prove his or her status as a . . . persistent offender[.]" Section 577.023.6.

"A guilty plea is an admission to the facts in the indictment or information." *Thurman v. State*, 263 S.W.3d 744, 752 (Mo. App. E.D. 2008). Wright's prior convictions were clearly alleged in the information. "A guilty plea waives [] all

---

[3] This section has been subsequently amended.

5

constitutional and statutory claims except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently." *Stanley v. State*, 420 S.W.3d 532, 544 (Mo. banc 2014). Because Wright does not allege in any fashion that his plea was not made knowingly, voluntarily, and intelligently, he has waived his claims by not raising them at the time of the plea.

In *O'Haren v. State*, 927 S.W.2d 447, 448 (Mo. App. W.D. 1996), a driver was charged by information with committing the class D felony of driving while intoxicated, and the information alleged the driver had two prior convictions for driving while intoxicated. The driver pleaded guilty and was sentenced to five years' imprisonment, which was suspended, and the driver was placed on supervised probation for five years. *Id*. Subsequently, the driver's probation was revoked, and the driver filed a Rule 24.035 motion alleging that the State failed to present evidence to show that the driver was a persistent offender and the sentencing judge failed to make the statutory findings of fact to convict the driver as a persistent offender. *Id*. We held that "[t]he allegations in the information were sufficient for the trial court to find that [the driver] was a 'persistent offender' . . . ." *Id*. at 450. We further held that the driver "waived the requirement that the state prove the two prior convictions beyond a reasonable doubt when he pleaded guilty." *Id*. at 451. The plea court's findings are not reviewable in a Rule 24.035 motion, and even if they were, the court's failure to make the specific findings is a procedural deficiency that does not affect the validity of the judgment. *Id*. (citing *State v. Sparks*, 916 S.W.2d 238 (Mo. App. E.D. 1995)). Furthermore,

6

> The law is well settled that to sentence under [section] 577.023, the trial court is not required to make express findings of fact supporting a finding that the defendant is a prior or persistent offender, *State v. Boyd*, 927 S.W.2d 385, 390 (Mo. App. [W.D.] 1996), or make an express finding that the defendant is such an offender, where the court effectively finds the defendant to be a prior or persistent offender, *State v. Sparks*, 916 S.W.2d 234, 238 (Mo. App. [E.D.] 1995).

*State v. Wheeler*, 439 S.W.3d 241, 245 (Mo. App. W.D. 2014) (quoting *State v. Gibson*, 123 S.W.3d 121, 125 (Mo. App. W.D. 2003)). In *Wheeler*, we held that because the defendant driver was convicted of a class D felony, for which being classified a "persistent offender" was an element, "the trial court effectively found that [the defendant] was a persistent offender[.]" *Id*.

Similarly, the Information in the instant case alleged that Wright was found guilty of driving while intoxicated on February 1, 2017, and August 6, 2012. Just as in *O'Haren*, these allegations are sufficient to support a finding that Wright was a persistent offender. Wright also wrote in his Petition that he had "two prior DWI's," and testified at his plea hearing that the facts contained in the Petition were accurate. Thus, he waived the requirement that the State prove the two prior convictions beyond a reasonable doubt and even though the plea court did not make an express finding that Wright was a persistent offender, by convicting and sentencing Wright for the class E felony of driving while intoxicated, for which being classified a "persistent offender" is an element, the Plea court effectively found Wright to be a persistent offender.

7

## Conclusion

We affirm.

_____
Gary D. Witt, Judge

All concur